Mr. Spencer B. Gilbert City Attorney City of Port St. Lucie
QUESTION:
May a municipality imposed regulatory licensing requirements on real estate salesmen and brokers already licensed by the state pursuant to ch. 475, F.S.?
SUMMARY:
The licensing and regulation of real estate salesmen and brokers is preempted to the state by ch. 475, F.S., and municipalities therefore are precluded by s. 166.221, F.S., from licensing and regulation of the real property activities or services of persons already licensed as real estate salesmen and brokers by the State of Florida.
Your question is answered in the negative.
Section 166.221, F.S., authorizes municipalities in the state to levy regulatory fees that are commensurate with the costs of regulating the activity. This section provides:
 A municipality may levy reasonable business, professional, and occupational regulatory fees, commensurate with the cost of the regulatory activity, including consumer protection, on such classes of businesses, professions, and occupations, the regulation of which has not been preempted by the state or a county pursuant to a county charter. (Emphasis supplied.)
This provision allows a municipality to regulate and impose regulatory fees on persons conducting business activities within the municipality if the regulation of such business, profession, or occupation has not been preempted to the state. See, e.g., AGO 076-219 which concluded that the regulatory licensing of insurance agents is preempted to the state by s. 624.401(3), F.S., and that municipalities therefore have no power to levy regulatory fees on such persons under s. 166.221, F.S.
It is the opinion of this office that ch. 475, F.S., operates to preempt the field of licensing and regulation and discipline of real estate brokers and salesmen. The legislative intent and purpose for the enactment of ch. 79-239, Laws of Florida, codified as ch. 475, F.S., is set forth in s. 475.001, F.S., which provides:
 The Legislature finds that a significant number of real property transactions are facilitated by real estate brokers and salesmen and that it is necessary to assure the minimal competence of real estate practitioners in order to protect the public from potential economic loss; therefore, the Legislature deems it necessary in the interest of the public welfare to regulate real estate brokers, salesmen, and schools in this state.
Relevant to your inquiry concerning local licensing and regulation of persons engaged in the management of residential rental property who are licensed pursuant to ch. 475, F.S., subsection (3) of s. 475.01, F.S. (1980 Supp.) in pertinent part, defines a `[b]roker' as:
 a person who, for another, and for a compensation or valuable consideration directly or indirectly paid or promised, expressly or impliedly, or with an intent to collect or receive a compensation or valuable consideration therefor, appraises, auctions, sells, exchanges, buys, rents, or offers, attempts or agrees to appraise, auction, or negotiate the sale, exchange, purchase, or rental of business enterprises or business opportunities or any real property or any interest in or concerning the same, including mineral rights or leases, or who advertises or holds out to the public by any oral or printed solicitation or representation that he is engaged in the business of appraising, auctioning, buying, selling, exchanging, leasing, or renting business enterprises or business opportunities or real property of others or interests therein, including mineral rights, or who takes any part in the procuring of sellers, purchasers, lessors, or lessees of business enterprises or business opportunities or the real property of another, or leases, or interest therein, including mineral rights, or who directs or assists in the procuring of prospects or in the negotiation or closing of any transaction which does, or is calculated to, result in a sale, exchange, or leasing thereof, and who receives, expects, or is promised any compensation or valuable consideration, directly or indirectly therefor; and all persons who advertise rental property information or lists. (Emphasis supplied.)
And s. 475.01(4), F.S., defines `[s]alesman' as a person who performs any act specified in the above definition of `broker,' but under the direction, control, or management of another person. This is a broad, comprehensive definition which evinces a legislative intent to cover the field of all such brokerage activities defined therein. Persons exempted from the requirements of ch. 475, F.S., are listed in s. 475.011, F.S. (1980 Supp.).
Section 475.02, F.S., creates a Board of Real Estate within the Department of Professional Regulation for purposes of fostering the education of brokers, broker-salesmen, salesmen, and instructors concernign the ethical, legal, and business principles which should govern their conduct. See ss. 475.02 and 475.04, F.S. The Board is empowered to decide questions of practice arising in the proceedings before it, having regard to ch. 475 and existing rules and regulations and `may deny an application for licensure or renewal, may suspend a license for a period not exceeding 10 years, may revoke a license, may impose an administrative fine not to exceed $1,000 for each count or separate offense, or may issue a reprimand,' if the Board determines that the licensee or applicant has violated the provisions of or committed any of the offenses set forth in ss. 475.25, 475.42, or 455.227(1), F.S. In totality, the provisions of ch. 475 relating to the licensing and regulation of real estate brokers and salesmen evince a legislative intent to preempt this field of regulatory activity.
Prepared by: Craig Willis, Assistant Attorney General